# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

BRINDA JO RUTLEDGE,                    )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )  No. 09-0600-CV-W-FJG
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner, Social Security          )
Administration,                        )
                                       )
                    Defendant.         )

## ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 et

seq., and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., in which

plaintiff requested review of the Commissioner's decision denying her application for

disability benefits and supplemental security income (SSI) for disability commencing

September 22, 2006.  Rutledge's two applications were denied initially at the state level.

Rutledge sought administrative review and, on February 6, 2009, following an

evidentiary hearing, an administrative law judge (ALJ) issued a decision in which he

found Rutledge was not disabled.  On June 18, 2009, the Appeals Council of the Social

Security Administration denied Rutledge's request for additional administrative review.

Thus, the ALJ's decision stands as the final decision of the Commissioner.  Plaintiff's

appeal is before the Court on Plaintiff's motion for judgment.  The facts and arguments

are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial

review of a "final decision" of the Commissioner of the Social Security Administration

under Title II.  Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205. Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. <u>Siemers v. Shalala</u>, 47 F.3d 299, 301 (8th Cir. 1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision.  <u>Fountain v. Railroad Retirement Bd.</u>, 88 F.3d 528, 530 (8th Cir. 1996).  The Court's role, however, is not to re-weigh the evidence or try the issues de novo.  <u>Craig v. Chater</u>, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing <u>McClees v. Shalala</u>, 2 F.3d 301, 302 (8th Cir. 1994)).  When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).

Substantial evidence is more that a mere scintilla but less than preponderance. It means such evidence that a reasonable mind would accept as adequate to support a conclusion.  <u>Johnson v. Chater</u>, 108 F.3d 178, 179 (8th Cir. 1997), <u>citations</u> <u>omitted.</u> The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts.  <u>Clarke v. Bowen</u>, 843 F.2d 271, 272-73 (8th Cir. 1988).  "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  <u>Id.</u>  Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision."  <u>Roe v. Chater</u>, 92 F.3d 672, 672 (8th Cir.  1996) (quoting <u>Robinson v. Sullivan</u>, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

The Court has reviewed the parties' briefs and the record. The ALJ's finding that Plaintiff is not disabled within the meaning of the Social Security Act is substantially supported by the record. The ALJ's determination of Rutledge's residual functional capacity adequately accounts for Plaintiff's mental impairments and sufficiently considers the combined effects of Plaintiff's severe impairments. In addition, the ALJ's credibility finding is affirmed, particularly as Plaintiff did not seek medical treatment between October 2006 and March 2008.

Accordingly, it is hereby **ORDERED** that plaintiff's claim is **DENIED**, and the ALJ's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

Date:  01/03/11                              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                                       Chief United States District Judge